IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

THOMAS DUNCAN,                                    No. 3:23-cv-00172-HZ

           Plaintiff(s),                         OPINION & ORDER

    v.

COSTCO WHOLESALE CORPORATION,

           Defendant(s).

Michael R. Fuller
Emily Templeton
OlsenDaines
US Bancorp Tower
111 S.W. Fifth Avenue, Suite 3150
Portland, OR 97204

    Attorneys for Plaintiff

Helen M. McFarland
Heriberto Alvarez , Jr.
Seyfarth Shaw LLP
999 Third Avenue, Suite 4700
Seattle, WA 98104

    Attorneys for Defendant

1 – OPINION & ORDER

HERNÁNDEZ, District Judge:

This matter is before the Court on Plaintiff's Motion to Amend. ECF 14. For the reasons that follow the Court denies Plaintiff's Motion.

## BACKGROUND

The following facts are taken from Plaintiff's First Amended Complaint and the parties' materials related to Plaintiff's Motion to Amend.

On November 25, 2022, Plaintiff Thomas Duncan was shopping at Defendant Costco Wholesale Corporation's store in Roseburg, Oregon. Plaintiff alleges that "soon after" he entered the store Defendant "spied on" him "for no legitimate reason." First. Am. Compl. ("FAC") ¶ 4. ECF 7. Plaintiff eventually "asked [Defendant] why he was being followed and watched. [Defendant] gave no explanation." *Id*.

While Plaintiff was shopping two armed police officers "appeared and told [Plaintiff] he had to leave." FAC ¶ 5. Plaintiff was escorted out of the store. As Plaintiff and the officers approached the store exit a third police officer took Plaintiff's identification and "ran a warrant check." *Id.* ¶ 6. Plaintiff's "car was publicly photographed." *Id*. Defendant "refused to . . . tell [Plaintiff] why he was being followed and spied on, or why [Defendant] called the police on him." *Id*.

On December 29, 2022, Plaintiff filed an action in Multnomah County Circuit Court alleging Defendant violated Oregon Revised Statute § 30.845(1) when it called the police on Plaintiff "with improper intent, to infringe on [Plaintiff's] rights under the Oregon or United States Constitutions, or unlawfully discriminate against [Plaintiff], or cause [Plaintiff] to feel harassed, humiliated or embarrassed, or damage [Plaintiff's] reputation or standing within the

2 – OPINION & ORDER

community, or [Plaintiff's] financial, economic, consumer or business prospects or interests."[1] Compl. ECF 5, Ex. 1, ¶ 8. Plaintiff sought noneconomic damages in the amount of $250,000.

On February 6, 2023, Defendant removed the matter to this Court on the basis of diversity jurisdiction. Also on February 6, 2023, Plaintiff filed a First Amended Complaint in which he alleges the same facts and cause of action, but amends his damages request to include punitive damages "not to exceed 1% of [Defendant's] annual revenue, or $2 billion, whichever amount is smaller." FAC ¶ 4, p. 4.[2]

On March 7, 2023, the Court held a Rule 16 conference at which it set case deadlines including May 17, 2023, to file amended pleadings; July 6, 2023, to complete discovery; August 7, 2023, to file dispositive motions; and oral argument on October 16, 2023.

On June 12, 2023, Plaintiff filed a Motion to Amend. Defendant filed an Opposition to Plaintiff's Motion and the Court took the matter under advisement on July 10, 2023.

**STANDARDS**

When a motion for leave to amend is filed after entry of a Rule 16 scheduling order, the standards of Federal Rule of Civil Procedure 16 control. *See Cortez v. Chipotle Mexican Grill, Inc.*, No. 19-56354, 2021 WL 3214765, at *1 (9th Cir. July 29, 2021)("[W]hen a party seeks to amend a pleading after the pretrial scheduling order's deadline for amending the pleadings has expired" Rule 16 governs the analysis). *See also Doutherd v. United Parcel Serv., Inc.*, No. 21-15966, 2022 WL 17582527, at *2 (9th Cir. Dec. 12, 2022)("Because Doutherd sought to amend his complaint after the district court had entered a pretrial scheduling order, he was required to

---

[1] Although Plaintiff did not state the specific subsections of § 30.845 that Defendant violated, these allegations correspond to § 30.845(1)(a)-(c) and (e).
[2] The FAC paragraphs are misnumbered. After ¶ 6 they begin to repeat at ¶ 3.

3 – OPINION & ORDER

satisfy the more stringent good cause standard of Federal Rule of Civil Procedure 16(b)(4) . . . rather than the liberal standard of Federal Rule of Civil Procedure 15(a).")(quotation omitted)).

Under Rule 16 "'[a] schedule may be modified only for good cause and with the judge's consent.'" *Cortez*, 2021 WL 3214765, at *1 (quoting Fed. R. Civ. P. 16(b)(4)). "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s good cause standard 'primarily considers the diligence of the party seeking the amendment.'" *E.C. v. Lincoln Mil. Prop. Mgmt. LP*, No. 21-CV-2070 JLS (BLM), 2023 WL 2292578, at *2 (S.D. Cal. Feb. 28, 2023)(quoting *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir. 1992)). *See also In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013) ("While a court may take into account any prejudice to the party opposing modification of the scheduling order, the focus of the [Rule 16(b)] inquiry is upon the moving party's reasons for seeking modification . . . [i]f that party was not diligent, the inquiry should end.")(quotation omitted).

"Newly discovered facts can constitute good cause to modify a scheduling order." *Thompson v. KC Care*, LLC, No. 3:18-CV-00363-YY, 2019 WL 3210088, at *2 (D. Or. June 17, 2019), report and recommendation adopted, No. 3:18-CV-0363-YY, 2019 WL 3206841 (D. Or. July 15, 2019). "[N]ew information alone[, however,] is not good cause for modifying a scheduling order. A party must also show diligence in seeking amendment of the scheduling order." *Id*. "If the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002)(quoting *Johnson*, 975 F.2d at 609)). The focus of the diligence inquiry is on

the time between the moving party's discovery of new facts and when it asks the court for leave to file an amended pleading. *Zivkovic,* 302 F.3d at 1087-88.

## DISCUSSION

Plaintiff moves to amend his First Amended Complaint pursuant to Rule 15(a) and 16(b)(4) to add a claim for violation of Oregon Revised Statute § 30.845(d). Defendant opposes Plaintiff's Motion on the basis that Plaintiff has not shown good cause to amend because he was not diligent in seeking amendment.[3]

### I. Standard of Review

At the March 7, 2023, Rule 16 conference the Court entered an Order setting a May 17, 2023 deadline to file any amended pleadings. Plaintiff's June 12, 2023, motion to file a second amended complaint is, therefore, governed by Rule 16, which requires Plaintiff to establish good cause to file a second amended complaint. As noted, good cause in the context of Rule 16 "considers the diligence of the party seeking the amendment." *E.C.*, 2023 WL 2292578, at *2.

### II. Analysis

Plaintiff seeks to amend his First Amended Complaint to include the allegation that Defendant violated "§ 30.845[(1)(d)] by calling the police on [Plaintiff] with improper intent to . . . cause [Plaintiff] to be expelled from a place in which he was lawfully located." Templeton Decl., ECF 19, Ex. 3 at ¶ 10. Plaintiff does not include any additional facts in his proposed second amended complaint to support this allegation.

Plaintiff asserts he was diligent in seeking the amendment because he advised Defendant on March 3, 2023, that he would "not know exactly what amendments (if any) are needed until

---

[3] Defendant also opposes Plaintiff's Motion on the basis that it fails to meet various requirements of Rule 15(a). The Court, however, concludes Rule 16(b) applies, and, therefore, does not address the parties' Rule 15(a) arguments.

we complete initial discovery." Templeton Decl., ECF 15, at ¶ 2. Plaintiff noted that he would "need additional time for any necessary amendments" unless Defendant could "produce all documents, resolve all discovery issues, and complete all witness depositions" before the deadline to file amended pleadings. *Id*. Defendant responded that it could not promise that it could complete all discovery by that time, but noted that if Plaintiff "uncover[ed] something in discovery, and [he] felt it was appropriate to amend, [it] could certainly discuss a stipulation." *Id*. Plaintiff asserts that Defendant had not confirmed the production of all responsive documents by May 17, 2023, and the parties still had many fact witness depositions to schedule. Plaintiff states that he reached out on numerous occasions to schedule witness depositions but was unable to schedule the remaining depositions by May 17, 2023. Plaintiff contends that he, therefore, did not know by the deadline to file amended pleadings that he had a basis to amend the First Amended Complaint to add a claim for violation of § 30.845(1)(d).

Defendant opposes Plaintiff's Motion on the basis that Plaintiff was not diligent in seeking amendment. Defendant notes Plaintiff does not specifically request an extension of the Court ordered deadlines. Defendant also points out that Plaintiff noticed depositions of eight Costco employees on April 3 and 4, 2023, but conducted only three of the depositions in late April and then on April 24, 2023, postponed the remaining depositions. Defendant states it produced "hundreds of non-privileged, responsive documents" on April 12, 19, 24, 2023, and May 9, 2023, all before the May 17, 2023, deadline to file amended pleadings. Defendant points out that Plaintiff's counsel did not contact defense counsel until June 4, 2023, after the deadline to file amended pleadings, to advise that Plaintiff intended to amend his First Amended Complaint to add an additional claim for violation of § 30.845(1)(d).

As noted, Defendant points out that Plaintiff did not explicitly request an extension of the case deadlines as required by Rule 16(b)(4) and Local Rule 16-3.[4] Plaintiff asserts that he requests leave to amend his First Amended Complaint, and, therefore implicitly also requests an extension of the deadline to file amended pleadings.[5] The Court concludes that even if Plaintiff's implicit request for an extension of the deadline to file amended pleadings is sufficient to satisfy Rule 16(b)(4) and Local Rule 16-3, Plaintiff has not established good cause for the amendment.

Plaintiff states that discovery he obtained between April 19, 2023, and May 9, 2023, indicated Plaintiff was lawfully located inside Defendant's Roseburg store and "no Costco employee had intended to trespass him out" when Defendant "caused several . . . police officers to arrive at the store to contact Plaintiff." Pl. Mot. to Amend at 8-9. In addition, it is undisputed on the current record that Plaintiff had a Costco membership at the time of the events in question, a fact that Plaintiff was unquestionably aware of before May 17, 2023. It is unclear what additional discovery was required to establish that Plaintiff was lawfully located in the store at the time Defendant called the police. Plaintiff, however, did not move to amend his First Amended Complaint until almost a month after the deadline to add the claim that Defendant violated "§ 30.845[(1)(d)] by calling the police on [Plaintiff] with improper intent to . . . cause [Plaintiff] to be expelled from a place in which he was lawfully located." Under similar circumstances the Ninth Circuit has concluded that plaintiffs lacked good cause under Rule 16(b)(4) for amendment. *See, e.g., Doutherd*, 2022 WL 17582527, at *2 ("The district court reasonably concluded that Doutherd lacked good cause for amendment because he was aware of most of the facts that formed the basis of his proposed amendments prior to the deadline.");

---

[4] Local Rule 16-3 provides in relevant part: "objections to any court-imposed deadline must be raised by motion and must: . . . Recommend a new date for the deadline in question."
[5] Plaintiff does not appear to request an extension of any other case deadlines.

7 – OPINION & ORDER

*Cortez*, 2021 WL 3214765, at *1 (finding the district court did not abuse its discretion under Rule 16(b)(4) when it denied the plaintiff's motion to amend "[b]ecause the facts underlying the proposed interference claim were already known when Cortez filed her complaint."). On this record the Court finds Plaintiff lacked good cause for amendment and, therefore, denies Plaintiff's Motion to Amend.

## CONCLUSION

The Court DENIES Plaintiff's Motion to Amend. ECF 14.

IT IS SO ORDERED.

DATED: August 23, 2023.

_____
MARCO A. HERNÁNDEZ
United States District Judge